UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PHILL RIVERA,

                Plaintiff,

                                                  **REPORT AND**
                                                  **RECOMMENDATION**
        -against-                                        18-CV-7243 (PKC) (ARL)


SUFFOLK COUNTY SHERIFF'S OFFICE, *et al.*,

                Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

    *Pro* se plaintiff Phill Rivera ("Plaintiff") commenced this civil rights action on December 19, 2018. By Order dated April 5, 2019, the undersigned issued a Scheduling Order under which plaintiff was directed to serve and file a written narrative by May 22, 2019. ECF No. 15. The Order was mailed to the Plaintiff at the address listed on the docket sheet but was returned to the Court as undeliverable. ECF No. 17.

    By Order to Show Cause dated March 10, 2020, Plaintiff was directed to update his address in writing with the Clerk of the Court by April 15, 2020, and, prepare a written narrative statement of the facts Plaintiff anticipated presenting at trial through the testimony of witnesses or documentary evidence. ECF No. 20. Plaintiff was directed to send a copy of this narrative to counsel for defendants and file a copy with the Court. *Id.* Plaintiffs was explicitly warned that a failure to comply with this Order would result in a Report and Recommendation to the District Judge that this action be dismissed with prejudice for failure to prosecute. *Id.* The March 10th Order was mailed to Plaintiff at the same address as before, but this time was not returned to the Court. Plaintiff did not file his narrative nor communicate to the Court in any way. Indeed, Plaintiff has not communicated with the Court since the filing of the complaint.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order. Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008).

Moreover, parties have an obligation to notify the Court of any change of address. *See Rossman v. Suffolk Times*, No. 13-CV-3142, 2013 WL 4065020, at *1 (E.D.N.Y. Aug. 12, 2013). This rule applies to both represented parties as well as *pro se* litigants. *Id.*

Here, Plaintiff was cautioned that if he failed to respond to the Court's Order, he would run the risk of the undersigned recommending that his case be dismissed. Nonetheless, Plaintiff failed to respond. Under these circumstances, the matter cannot proceed. Moreover, Defendants would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive. I therefore respectfully report and recommend that this case be dismissed with prejudice for failure to prosecute.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. *Pro se* Plaintiff Phill Rivera must file his objections in

writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Chen prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for Defendants is directed to serve a copy of this Order upon *pro se* Plaintiff forthwith and file proof of service on ECF.

Dated:  Central Islip, New York
 July 12, 2021

> _____/s_____
> ARLENE R. LINDSAY
> United States Magistrate Judge